UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY,<br><br>       Plaintiff / Counter-Defendant,<br><br>v.<br><br>THE CROSBY ESTATE AT RANCHO SANTA FE MASTER ASSOCIATION,<br><br>       Defendant / Counter-Claimant. | Case No.:  3:21-cv-01249-WQH-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CASE MANAGEMENT CONFERENCE**<br><br>**[ECF No. 29]** |

Before the Court is the parties' joint motion to continue the Early Neutral Evaluation Conference ("ENE") and Case Management Conference ("CMC"), currently scheduled for December 3, 2021. ECF No. 29.

Parties seeking to continue an ENE must demonstrate good cause. ECF No. 24 at 7 ("An ENE may be rescheduled only upon a showing of good cause"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see, e.g.*, FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.") (internal citation omitted).

The ENE and CMC in this case are scheduled for December 3, 2021. ECF No. 24. Here, counsel for Plaintiff is unavailable on December 3 because he is lead counsel in *Steadfast Insurance v. Community Health Systems*, which is scheduled for a two-week trial commencing on December 6, with jury selection beginning on December 1. ECF No. 29 at 2; ECF No. 29-1 at 1–2. Thus, the parties seek to postpone the ENE and CMC. *Id.*

The Court appreciates the parties' thorough motion and attention to the Court's chambers rules, and finds good cause to continue the ENE, CMC, and related deadlines. As such, the parties' joint motion is **GRANTED** as follows:

1. The ENE, originally rescheduled for December 3, 2021, is hereby **RESET** for **February 2, 2022** at **9:30 a.m.** before Magistrate Judge Allison H. Goddard.

2. In accordance with the Local Rules, the Court required in-person attendance of all parties, party representatives, including claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation. CivLR 16.1(a). Due to the current

//
//
//

COVID-19 public emergency,[1] and upon due consideration, the Court hereby **MODIFIES** the ENE to be via **videoconference** for all attendees.

2. **Purpose of the Conference:** The purpose of the ENE is to permit an informal discussion between the attorneys and the settlement judge of every aspect of the lawsuit in an effort to achieve an early resolution of the case. All conference discussions will be informal, off the record, and confidential.

3. **Full Settlement Authority Required:** A party or party representative with **full and complete authority to enter into a binding settlement** must be present via videoconference or immediately available to join. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). **A person who needs to call another person who is not present on the videoconference before agreeing to any settlement does not have full authority.**

4. **Confidential ENE Statements Required:** No later than **January 26, 2022**, the parties shall submit confidential statements of five (5) pages or less directly to the

---

[1] On March 2, 2021, Chief Judge Dana M. Sabraw issued an Order in response to the COVID-19 public emergency ("CJO #62") which, among other things, suspends the requirement under Civil Local Rule 16.1(a) that ENEs be conducted in person. *See* CJO #62 at 1. CJO #62 is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Chief%20Judge%20Order%2062%20-%20Civil%20Case%20Proceedings%20During%20the%20Covid-19%20Public%20Emergency.pdf. The suspension of the requirement under Civil Local Rule 16.1(a) that ENEs be conducted in person is also reiterated by CJO #62-B, filed on June 11, 2021. CJO #62-B is available on the Court website at https://www.casd.uscourts.gov/_assets/pdf/rules/Chief%20Judge%20Order%2062-B.pdf.

chambers of Magistrate Judge Goddard outlining the nature of the case, the claims, and the defenses. **These statements shall not be filed or served on opposing counsel.** They shall be lodged via email at efile_goddard@casd.uscourts.gov. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline:

> A.   the nature of the case and the claims,
>
> B.   position on liability or defense,
>
> C.   position regarding settlement of the case with a **specific**[2] **demand/offer for settlement**,[3] and
>
> D.   any previous settlement negotiations or mediation efforts.
>
> E.   commonalities and differences between this case and Case No. 3:19cv2369-WQH-NLS (S.D. Cal.)

    5.   **Case Management Conference:** In the event the case does not settle at the ENE, the Court will immediately thereafter hold a Case Management Conference ("CMC") pursuant to Fed. R. Civ. P 16(b). Appearance of the parties at the CMC is not required. The Court orders the following to occur before the CMC:

> A.   The parties must meet and confer pursuant to Fed. R. Civ. P. 26(f) no later than **November 2, 2021**.[4]

---

[2] A general statement, such as that a party "will negotiate in good faith," is a <u>not</u> a specific demand or offer.

[3] If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer.

[4] This deadline remains unchanged from the Court's September 14 Order rescheduling the ENE, which "provided this secondary deadline in case that first deadline was missed." ECF No. 24 at 4; *see* ECF No. 20 at 3 (original deadline of September 8, 2021); *see also* ECF No. 29-1 at ¶ 2 (representing to the Court that "[o]n September 7, 2021, the parties held their Rule 26(f) conference in this action").

B.    The parties must file a Joint Case Management Statement by **January 21, 2022**. The Joint Case Management Statement must address all points in the "Joint Case Management Statement Requirements for Magistrate Judge Allison H. Goddard," which can be found on the court website at: https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Joint%20Case%20Management%20Statement%20Rules.pdf.

C.    Initial disclosures pursuant to Rule 26(a)(1)(A-D) must occur by **November 16, 2021**.[5]

6.    **Appearances via Videoconference Required:** All named parties, party representatives, including claims adjusters for insured defendants, as well as principal attorney(s) responsible for the litigation must attend the ENE via videoconference. All who attend the ENE must be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be subject to immediate imposition of sanctions. To facilitate the videoconference ENE, the Court hereby orders as follows:

A.    The Court will use its official Zoom video conferencing account to hold the ENE. **If you are unfamiliar with Zoom:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[6] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants

---

[5] This deadline remains unchanged. *See* ECF No. 24 at 4.

[6] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

3:21-cv-01249-WQH-AHG

1        are encouraged to create an account, install Zoom and familiarize

2        themselves with Zoom in advance of the ENE.[7] There is a cost-free

3        option for creating a Zoom account.

4      B.      Prior to the start of the ENE, the Court will email each participant an

5        invitation to join a Zoom video conference. Again, if possible,

6        participants are encouraged to use laptops or desktop computers for the

7        video conference, as mobile devices often offer inferior performance.

8        Participants shall join the video conference by following the ZoomGov

9        Meeting hyperlink in the invitation. **Participants who do not have**

10        **Zoom already installed on their device when they click on the**

11        **ZoomGov Meeting hyperlink will be prompted to download and**

12        **install Zoom before proceeding**. Zoom may then prompt participants

13        to enter the password included in the invitation. All participants will be

14        placed in a waiting room until the ENE begins.

15      C.      Each participant should plan to join the Zoom video conference **at least**

16        **five minutes before** the start of the ENE to ensure that the conference

17        begins promptly at 9:30 a.m.

18      D.      Zoom's functionalities will allow the Court to conduct the ENE as it

19        ordinarily would conduct an in-person one. The Court will divide

20        participants into separate, confidential sessions, which Zoom calls

21        Breakout Rooms.[8] In a Breakout Room, the Court will be able to

22        communicate with participants from a single party in confidence.

23        Breakout Rooms will also allow parties and counsel to communicate

---

[7] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started

[8] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

3:21-cv-01249-WQH-AHG

confidentially without the Court.

E.   No later than **<u>January 26, 2022</u>**, counsel for each party shall send an e-mail to the Court at <u>efile_goddard@casd.uscourts.gov</u> containing the following:

    i.   The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

    ii.   An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    iii.   A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be in a position to proceed telephonically instead of by video conference.  (If counsel prefers to have all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

    iv.   A **cell phone number for that party's preferred point of contact** (and the name of the individual whose cell phone it is) for the Court to use during the ENE to alert counsel via text message that the Court will soon return to that party's Breakout Room, to avoid any unexpected interruptions of confidential discussions.

F.   All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person, i.e., cannot be driving while speaking to

the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

G.   Counsel are advised that although the ENE will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., counsel must dress in appropriate courtroom attire.

H.   If the case does not settle during the ENE, the Court will hold the CMC immediately following the ENE with counsel only in the main session.

7.   **Requests for Continuances:** Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer, thus, requests to continue ENEs are rarely granted. An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court. Absent extraordinary circumstances, requests for continuances will not be considered unless submitted **in writing** no less than seven (7) days before the ENE. All requests for continuances must be made by a joint motion. The request must state:

A.   The original date;

B.   The number of previous requests for continuances;

C.   A showing of good cause for the request;

D.   Whether the request is opposed and why;

E.   Whether the requested continuance will affect other case management dates; and

F.   A declaration from the counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met.

8.   **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel:** Plaintiff's counsel must give notice of the ENE to any Defendants who have been served but who have not yet filed responsive pleadings as of the date of this Order. If any

Defendants have not yet been served, Plaintiff's counsel must serve them with a copy of this Order along with the summons and complaint.

9.      **The failure of any party to follow these mandatory procedures shall result in the imposition of sanctions.**

10.      Questions regarding this case or these mandatory guidelines may be directed to Judge Goddard's law clerks at (619) 557-6162. Lodged statements should be emailed to efile_goddard@casd.uscourts.gov.


**IT IS SO ORDERED.**

Dated:  October 19, 2021

_____

Honorable Allison H. Goddard
United States Magistrate Judge