UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRONSHORE SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE CROSBY ESTATE AT RANCHO SANTA FE MASTER ASSOCIATION,<br><br>Defendant. | Case No.:  21-cv-1249-WQH-AHG<br><br>**ORDER** |
| THE CROSBY ESTATE AT RANCHO SANTA FE MASTER ASSOCIATION,<br><br>Counter Claimant,<br><br>v.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY,<br><br>Counter Defendant. | |

HAYES, Judge:

    The matter before the Court is the Motion for Judgment on the Pleadings (ECF No. 28) filed by Plaintiff/Counter Defendant Ironshore Specialty Insurance Company.

On July 9, 2021, Ironshore Specialty Insurance Company ("Ironshore") filed a Complaint against The Crosby Estate at Rancho Santa Fe Master Association ("The Crosby"), concerning Ironshore's obligations under an insurance policy (the "Policy") issued by Ironshore to The Crosby. (ECF No. 1). Ironshore brought a claim under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, requesting (1) "[a] judgment declaring that The Crosby must satisfy the Retention as a condition precedent prior to triggering Ironshore obligations pursuant to Section VI of the Policy"; and (2) "[a] judgment declaring that the Crosby must satisfy the Retention as a condition precedent prior to triggering Ironshore's indemnity obligations under the Policy." (*Id.* at 13-14).

On August 18, 2021, The Crosby filed an Answer to the Complaint and a counterclaim for competing declaratory relief. (ECF No. 19).

On October 14, 2021, Ironshore filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, requesting judgment on Ironshore's claim for declaratory relief. (ECF No. 28). On November 8, 2021, The Crosby filed an Opposition to the Motion for Judgment on the Pleadings. (ECF No. 32). On November 15, 2021, Ironshore filed a Reply. (ECF No. 33). On June 2, 2022, the Court heard oral argument on the Motion for Judgment on the Pleadings. (ECF No. 46).

On June 10, 2022, Ironshore filed a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). (ECF No. 48). The FAC brings a single claim for declaratory relief, requesting "[a] judgment declaring that The Crosby must satisfy the Retention even when the duty to defend is tendered and even if no indemnity is required." (*Id.* at 12).

"It is well-established in our circuit that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Ironshore's motion requesting judgment on the original Complaint's claim for declaratory relief is rendered moot by the filing of the FAC, which alleges a distinct claim. *See id.* (holding that an existing motion to dismiss should be denied as moot when an amended complaint has since been filed).

1  IT IS HEREBY ORDERED that the Motion for Judgment on the Pleadings (ECF
2  No. 28) filed by Plaintiff/Counter Defendant Ironshore Specialty Insurance Company is
3  denied as moot.
4  Dated:  June 13, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court